STATE EX REL. MACKMILLER, Appellant, vs. BOUSLEY, Town Clerk, Respondent.

*October 21—November 16, 1920.*

*Taxation: Assessment of personal property: Presumption of correctness of assessment: Goods on car: Ownership: Goods in warehouse awaiting shipment.*

1. Where a tax assessor found a carload of whisky consigned to a wholesale liquor dealer, his determination that the whisky belonged to and was assessable to the dealer was presumptively correct and could be overturned only by some direct evidence impeaching it, so that the dealer's statement before the board of review that title did not pass to him until he had paid for the liquor was insufficient to impeach the assessor's determination, such statement being but a conclusion of the dealer.

2. Packages of whisky in the warehouse of a wholesale liquor dealer, ready for shipment and addressed to parties residing outside the state, should not have been assessed to the dealer as agent, but as owner, since under sec. 1684t—46, Stats., title thereto did not pass from the dealer until delivery to the railroad company; but where the whisky was properly assessable to him as owner, he cannot, on *certiorari* to reverse the decision of the board of review, complain that it was assessed to him as agent.

APPEAL from a judgment of the circuit court for Bayfield county:  G. N. RISJORD, Circuit Judge.  *Affirmed.*

Common-law *certiorari* to reverse the decision of the board of review for the town of Iron River, Bayfield county, Wisconsin, for the assessment of certain property of the relator in the year 1919. From the decision of the circuit court sustaining the decision of the board of review relator brings this appeal.

For the appellant there was a brief by *E. Sauve* of Iron River and *Lamoreaux & Cate* of Ashland, attorneys, and *Luse, Powell & Luse* of Superior, of counsel; and the cause was argued orally by *L. K. Luse.* .

*William F. Shea* of Ashland, for the respondent.

OWEN, J. The relator is a wholesale liquor dealer at Iron River, Wisconsin. On the 1st day of May, 1919, the assessor of the town of Iron River assessed to the plaintiff 625 cases of whisky which had been shipped to him by Julius Koesler & Son and was then in a freight car in the railroad yards at Iron River. He also assessed to the relator, as agent for various parties, 152 cases of whisky. Relator claims he did not own the 625 cases of whisky then in the railroad yards, and that the 152 cases were improperly assessed to him as agent. The evidence taken before the board of review shows that on the 1st day of May the assessor went to the Northern Pacific freight depot and asked if any shipment of liquor had been received for any parties at Iron River on that day, and the agent informed him that a carload had come to *Mr. Mackmiller.* He asked to see the freight bill, and, upon looking at same, found that the carload consisted of 625 cases of whisky shipped from Julius Koesler & Son, and that it was on the track at that time.

The relator appeared before the board of review and testified that on December 6, 1918, he bought 10,000 cases of whisky from Julius Koesler & Son and paid thereon $30,000, or $3 per case, and that the carload in question was a partial delivery on that purchase. He insisted that he

did not own the whisky until he paid for it, but he did not disclose the terms and conditions of the contract of purchase, nor offer any evidence as to the usual course of business between him and Koesler & Son throwing any light on the question of when, under their contract, or according to their usual course of dealing, title passed from Koesler & Son to him.

"Where, in pursuance of a contract to sell or a sale, the seller is authorized or required to send the goods to the buyer, delivery of the goods to a carrier, whether named by the buyer or not, for the purpose of transmission to the buyer, is deemed to be a delivery of the goods to the buyer, . . . unless a contrary intent appears." Sub. 1, sec. 1684t—46, Stats.

To be sure, the shipper may retain title to the goods or reserve a lien thereon as security for the payment of the purchase price. See Williston, Sales, sec. 282 *et seq.* There is no evidence in this case, however, sustaining the contention that the title to these goods did not pass to relator when they were delivered to the common carrier. This claim made before the board of review on the part of the relator was supported only by his statement, in the nature of a conclusion, to the effect that the title to the goods did not pass until he had paid therefor. The bill of lading was not introduced in evidence nor did the evidence disclose to whom the whisky was consigned or to whom the bill of lading was sent. It appeared, however, from relator's own books that the whisky was unloaded from the car on the 5th day of May, and it was stipulated that the draft for the purchase price was paid on the 6th day of May. This is not consistent with his statement that he had no right to unload the car until the draft therefor was paid. The situation, therefore, is this: The assessor found this carload of whisky on the track at Iron River consigned to the relator. His natural and legitimate conclusion was that it belonged to relator and he assessed it to him. His determination in this

respect was presumptively correct. It could only be overturned by some definite evidence impeaching it. *State ex rel. J. S. Stearns L. Co. v. Fisher,* 124 Wis. 271, 102 N. W. 566. The evidence of relator before the board of review was not sufficient for this purpose. The action of the board of review in sustaining the assessment made by the relator cannot be disturbed.

As stated, relator was a wholesale liquor dealer. On May 1st there was in his warehouse a number of packages of whisky ready for shipment and addressed to various parties residing at Virginia and Aurora, Minnesota. The assessor assessed the amount of this liquor to relator as agent. We have been unable to see why this should have been assessed to him as agent. It appears plainly enough that the relator was to deliver these parcels to the railroad company to be forwarded to the respective purchasers at the above named points. Until delivery to the railroad company the title did not pass from relator (see sub. 1, sec. 1684*t*—46, Stats.), consequently he was the owner of this liquor on May 1st and the amount thereof was properly assessable to him as owner. It being properly assessable to him as owner, he cannot complain because it was assessed to him as agent. It follows that the judgment of the lower court sustaining the action of the board of review should be affirmed.

*By the Court.*—Judgment affirmed.